UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

```
JASON B. JOHNS,              )
                             )
        Plaintiff            )
                             )    No. 3:18-cv-0064
v.                           )    Judge Trauger/Brown
                             )    **Jury Demand**
JEFF LONG,                   )
                             )
        Defendant            )
```

To: The Honorable Aleta A. Trauger,
    United States District Judge

### REPORT AND RECOMMENDATION

For the reasons stated below, the Magistrate Judge **RECOMMENDS** that the Defendant's motion for summary judgment (Docket Entry 15) be **GRANTED** for Plaintiff's failure to exhaust his administrative remedies, and that the case be **DISMISSED with prejudice**. The Magistrate Judge further **RECOMMENDS** that any appeal from the adoption of this Report and Recommendation not be certified as taken in good faith.

### BACKGROUND

The Plaintiff filed a complaint against Sheriff Long and Deputy VandenBosch on January 18, 2018. The Plaintiff in effect supplemented his complaint with a Notice of Additional Alleged Violations on February 5, 2018 (Docket Entry 5). After the filing of an application for leave to proceed *in forma pauperis* (Docket Entry 6), the District Judge reviewed the complaint in accordance with 28 U.S.C. 1915(e)(2) and 1915A, and 42 U.S.C. 1997e. In the lengthy memorandum concerning the Plaintiff's complaint the Court

found that the Plaintiff stated a potential claim against Sheriff Long as the chief policymaker for the county by alleging the jail established a procedure which did not allow inmates outdoor recreation and exercise (Docket Entry 7, Page ID 47). Liberally construing the Plaintiff's complaint, the Court found that the Sixth Circuit held that "a total or near-total deprivation of exercise or recreational opportunity, without penological justification" inpinges on an inmate's Eighth Amendment right because "[i]nmates require regular exercise to maintain reasonably good physical and psychological health." *Rodgers v. Jabe*, 43 F.3d 1082, 1086 (6th Cir.1995). The Court held that all other claims in Plaintiff's complaint were insufficient to state a claim against any defendant.

  The matter was referred to the undersigned Magistrate Judge to prepare a report and recommendation and otherwise manage the case (Docket Entry 8). While service of process was pending, the Plaintiff submitted two letters concerning his case. Docket Entry 9 dealt with the video record that would be available in the jail. The Plaintiff also stated that he had a paper trail on the kiosk. The second letter to the Court, Docket Entry 10, claimed that the Sheriff was allowing his deputies to get away with crimes because they were law enforcement. Other than general complaints, this letter contained no additional information about the Plaintiff's lack of outdoor recreation and exercise.

As soon as defendant Long was served, he promptly filed a motion for summary judgment supported by a memorandum of law, a statement of uncontested facts, and an affidavit from Lieutenant VandenBosch (Docket Entries 15-19). The affidavit of Lt. VandenBosch states that the Williamson County Detention Center (WCDC) has a formal grievance procedure which is provided to the inmates. The policy allows an inmate to file an informal grievance verbally, and if the problem cannot be resolved through the informal grievance and the inmate wishes to proceed, a formal grievance in writing. The WCDC maintains a kiosk system which contains a record of all grievances and dispositions. Lt,. VandenBosch further stated that the Plaintiff received notice of the grievance procedure on the kiosk system, and in fact used the grievance procedure multiple times with regard to issues unrelated to outdoor recreation and exercise while incarcerated at the WCDC. VandenBosch stated that he was the authorized custodian of records at WCDC, including grievance records of inmates. He stated that the inmates' entire formal grievance history at the WCDC would be compiled in a Grievance History Detail and that he had reviewed the Plaintiff's Grievance History Detail and at no time did the Plaintiff file a grievance pertaining to outdoor recreation and exercise (Docket Entry 18-1, Page ID 88-89).

Once the Defendant filed his motion for summary judgment, the undersigned entered an order (Docket Entry 20) on August 22, 2018, advising the Plaintiff of the need to respond to the motion for

3

summary judgment. The order pointed out that the Plaintiff could not just rely on his complaint, that he must show there was a material dispute of fact with a citation to the record, affidavits, or other materials of evidence, and referring him to Federal Rule of Civil Procedure 56 and Local Rule 56.01(a). The Plaintiff was specifically cautioned that failure to respond to the motion or to the statement of uncontested facts could result in a recommendation that his case be dismissed. The Plaintiff was advised that if he needed additional discovery in order to respond to the motion he should read and comply with Federal Rules of Civil Procedure 56 showing the need for discovery within the time provided. The Plaintiff was again specifically cautioned that failure to respond to the motion either by requesting specific discovery or showing that he had exhausted his administrative remedies would result in the Magistrate Judge recommending his case be dismissed.

As of the date of this report and recommendation, the Plaintiff has neither responded to the statement of material facts, requested time for discovery, nor provided evidence that he has exhausted his administrative remedies. Although the Plaintiff mentioned in his letter (Docket Entry 10) that he had filed grievances, he failed to provide copies of any grievances or a specific statement that he exhausted his grievances concerning outdoor recreation and exercise. Despite the Court's warning, the Plaintiff failed to respond in any way to the statement of uncontested facts (Docket Entry 17, Statement 11) that "Plaintiff's

4

complete grievance history prior to the filing of the Complaint and until the time he was released from WCDC on June 16, 2018, contains a number of grievances, but contains no mention of outdoor recreation of exercise." (VandenBosch affidavit, Paragraph 11).[1]

**LEGAL DISCUSSION**

The Magistrate Judge has applied the well-known standard of review for summary judgment. To prevail on a motion for summary judgment, the movant must demonstrate that "there is no genuine dispute as to any material fact and the movant is entitled to summary judgment as a matter of law." Fed. R. Civ. P. 56(a). A factual dispute is material if it "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The nonmoving party cannot simply "rest on its pleadings but must present some 'specific facts showing that there is a genuine issue for trial.'" *Moore v. Holbrook*, 2 F.3d 697, 699 (6th Cir. 1993) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986)). To defeat a motion for summary judgment, "the non-moving party must present evidence upon which a reasonable jury could find in her favor." *Tingle v. Arbors at Hilliard*, 692 F.3d 523, 529 (6th Cir. 2012) (citing *Anderson*, 477 U.S. at 251). "[A] mere 'scintilla' of evidence in support of the non-moving party's position is

---

[1] It would have been helpful had Lt. VandenBosch included in his affidavit (Docket Entry 18-1) the actual Grievance History Detail so the Court would have the ability to examine the document and not rely simply on the statement that there is no mention of outdoor recreation or exercise in the Plaintiff's grievance history detail. Nevertheless the Plaintiff has not responded to this statement and for purpose of summary judgment it is deemed admitted. Local rule 56.01(f)

5

insufficient." *Tingle*, 692 F.3d at 529 (citing *Anderson*, 477 U.S. at 251). Finally, "[o]n summary judgment the inferences to be drawn from the underlying facts...must be viewed in the light most favorable to the party opposing the motion." *Matsushita Elec. Indus. Co., Ltd., v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962)).

The memorandum of law submitted by the Defendant correctly sets forth the requirement that the Prison Litigation Reform Act (PLRA) provides that "no action shall be brought with respect to prison conditions under Section 1979 of the Revised Statutes of the United States (42 U.S.C. 1983), or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Although the Plaintiff is not required to allege or prove the failure to exhaust administrative remedies in the complaint itself, once the Defendant raises it as an affirmative defense such as the summary judgment motion filed in this case, the Plaintiff must come forward with some proof that he in fact did exhaust his administrative remedies by filing a grievance about outdoor exercise and recreation. *See Koprowski v. Baker*, 822 F.3d 248, 260 (6th Cir. 2016).

The Plaintiff has failed to respond in any way to the pending motion for summary judgment despite being given warnings of the need to respond, and specifically to the allegation that he had not

6

exhausted his administrative remedies, and the procedure that he should follow (Docket Entry 20).

### RECOMMENDATION

For the reasons stated above, the Magistrate Judge **RECOMMENDS** that the Plaintiff's complaint be **DISMISSED with prejudice** for failure to exhaust administrative remedies. The Magistrate Judge further **RECOMMENDS** that any appeal form the adoption of this recommendation not be certified as taken in good faith.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has **14 days** from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have **14 days** from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within **14 days** of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140 106 S. Ct. 466, 88 L.Ed.2d 435 (1985), *Reh'g denied*, 474 U.S. 1111 (1986).

**ENTERED** this 26th day of October, 2018.

/s/   Joe B. Brown
JOE B. BROWN
United States Magistrate Judge